[Civ. No. 2152.   Second Appellate District.—March 19, 1918.]

## CHARLES PROPHET, Respondent, v. VALENTINE KATZENBERGER, Appellant.

ACTION FOR DAMAGES—SETTLING OF BUILDING—EVIDENCE—PLANS AND SPECIFICATIONS.—In an action for damages for the settling of a building constructed by defendant for plaintiff due to an alleged defective drain, where defendant by his answer admitted that by the terms of his contract and according to the plans and specifications he was required to place a galvanized iron drain from the light-well of the building, and the only difference between such admission and the allegation of the complaint was that the complaint stated that according to the plans and specifications the drain should have been of vitrified iron, it was not necessary for plaintiff to introduce in evidence the specifications as a foundation for proof that the work did not conform thereto.

ID.—DEFECTIVE DRAIN — FAULTY FOUNDATION—SUFFICIENCY OF EVIDENCE.—In this action for damages to a building due to the settling thereof by reason of the defective character of drain-pipe and foundation, it is held the evidence is sufficient to support the findings in favor of plaintiff.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Sidney N. Reeve, Judge.

The facts are stated in the opinion of the court.

Robt. T. Linney, and Gordon L. Finley, for Appellant.

Loeb, Walker & Loeb, for Respondent.

CONREY, P. J.—By the findings of the trial court the following facts appear: On September 27, 1912, plaintiff and defendant entered into a contract in writing for the construction by the defendant of a building upon a parcel of land owned by the plaintiff.   Defendant was to furnish all necessary materials and labor and to construct and complete the building in a good, skillful, and workmanlike manner, in conformity with the plans and specifications therefor.   The building was constructed and paid for within the time prescribed by the contract, but it was not in all respects constructed in accordance with the terms of the contract.   By the plans and specifications it was provided that the building

should stand upon a concrete foundation placed immediately and continuously under the exterior walls of the building, said concrete foundation or footing to extend below the walls to a prescribed depth and to be of a thickness graduated so that the footing at its base should be of a thickness of twenty-four inches. Instead thereof the defendant made the foundation or footing in such manner that the thickness at the base thereof was in many places considerably and materially less than twenty-four inches. The plans provided that the defendant should install an iron drain beginning at the light-well of the building, as shown upon the plans, extending from the light-well under the cement floor of the north storeroom of the building, passing under the front wall of the building and extending to the gutter of the street in front of the building. Instead of complying with this term of the agreement the defendant installed and placed a defective drain in this, that he installed a drain in which were two holes of the approximate size respectively of two and two and one-half inches in diameter and occurring at a point in the pipe where the same lay under the cement floor of the north storeroom. The failure and neglect of defendant, as above stated, was unknown to and without the consent of the plaintiff. A little more than one year after the completion of the building, to wit, in February, 1914, there was a heavy fall of rain within the territory in which said building was located, by reason whereof a large quantity of water accumulated in and about the building and in particular in and about the portions of the footings of the building under the north wall, the northerly portion of the front wall, and the northerly portion of the rear wall thereof; and by reason of said rain a large quantity of water passed into the drain leading from the light-well. By reason of the defective character of the drain, the water passing into the drain escaped in large quantities through the above-mentioned holes and accumulated and stood in large quantities under the cement floor; by reason whereof the footing under the north wall and under the northerly portion of the front wall and northerly portion of the rear wall of the building gave way and settled, whereby the building was injured to the damage of the plaintiff in the sum of $927.27. At the time of said injury the north storeroom was rented at the monthly rental of thirty dollars; and by reason of the settling of the building

the storeroom was vacated and remained vacant for a period of two months, to the special damage of the plaintiff in the sum of sixty dollars. At the time when plaintiff paid to the defendant the contract price for the construction of the building, and at all times prior to the time of said rainstorm of February, 1914, the defects of the building were concealed and latent and were unknown to the plaintiff. In response to an issue raised by affirmative allegations of the answer, the court found that the plaintiff was not at any time during the time of construction of the building superintendent of that work, and did not personally supervise or inspect each or every portion of the work of construction as the same progressed, and did not personally give orders as to the manner of doing said work. The changes made by defendant in the erection, construction, and completion of the building from the plans and specifications were not made by the defendant with any knowledge or consent or at the suggestion of the plaintiff. The defendant's appeal is from the judgment which was rendered against him in the sum of $987.27.

The evidence is sufficient to justify the findings in each and all of the particulars concerning which appellant is now claiming that they were not so justified.

1. Appellant's first contention wherein he attacks the sufficiency of the findings is that the finding that the work was not done in accordance with the plans and specifications is not supported by the evidence in this, that the specifications were never offered in evidence nor shown to the court nor described by counsel or witnesses. This finding is in accordance with subdivisions (a) and (b) of paragraph IV of the complaint. The answer of the defendant admitted that the plans and specifications contained the terms, conditions, and requirements stated in subdivision (a); and that by the terms of the contract and in accordance with the terms, conditions, and requirements of the plans and specifications, the defendant was required to place a galvanized iron drain from the light-well as alleged. The only difference between this admission and the allegation of the complaint is that the complaint stated that according to the plans and specifications the drain should have been of vitrified iron. This is not a material issue, since the plaintiff's action is not based upon any defect resulting from the substitution of galvanized iron for vitrified iron. Under this

86 Cal. App.—85

state of the pleadings it was not necessary for the plaintiff to introduce in evidence the specifications as a foundation for proof that the work as done did not conform thereto.

2. The evidence was sufficient to support the finding that by reason of the heavy fall of rain referred to in the complaint a large quantity of water passed into the drain leading from the light-well. There was testimony tending to show that the drain-pipe as laid by the defendant was defective by reason of the fact that there were holes in it, as alleged in the complaint; that after the rain the ground in the immediate neighborhood of the opening in the pipe was wetter than at any other part of the premises, and that by reason thereof the quantity of water accumulating under the foundation was increased. The defendant's answer admitted that as a result of said fall of rain a large quantity of water did pass into said galvanized iron drain. The answer further admitted that as a result of said heavy fall of rain and the consequent softening of the ground about and under the said north wall of said building, the footing under the north wall and under the northerly portion of the front wall and . the northerly portion of the rear wall settled and the building was thereby damaged. In this connection the defendant's only denial was that the damage to the building was the result of any negligence or failure on the part of the defendant.

3. The evidence was sufficient to justify the finding that by reason of the defective construction of the footing the water which accumulated and stood under the building caused the footing under the walls to give way and settle, whereby the building was greatly injured. In addition to the facts above noted, there is much other evidence tending in the same direction. The witness Norris, who made the repairs after the building had settled, testified to the conditions found by him when he took charge of the repair work after the building had settled. He uncovered the footing under the north wall and measured its width at several places, whereby it appeared that the width thereof was less than two feet; in several places it was only seventeen inches. He also found on removing the cement floor that the holes in the pipe had been covered with a piece of tin. He testified as a witness who had many years' experience in repairing buildings, and stated that in his opinion the cause of the damage was that

the water came up out of the pipe and soaked the ground and that the footing was not wide enough.

The real gist of the defense was that the plaintiff had known when the work was being done that the foundation or footing was not of the prescribed width and had agreed to that change from the specifications; and that there were in fact no breaks or imperfections in the drain-pipe. Upon competent evidence the court found on these issues in favor of the plaintiff. The contention that the findings as to these matters are not sustained by the evidence is without merit.

The case went to trial upon the second and third counts of the complaint and the answers thereto, after an order sustaining the demurrer to the first count. Appellant now contends that the court erred in overruling his demurrer to the second and third counts of the complaint. Each of these counts undoubtedly stated a cause of action. Assuming without deciding that counts 2 and 3 were uncertain or ambiguous or unintelligible in some of the particulars set forth in the demurrer, those errors would not constitute any proper ground for reversal of the judgment. By his answer the defendant was able to and did raise all the necessary issues for the determination of the action upon its merits. In our opinion it was so determined.

For these reasons the judgment is affirmed.

James, J., and Works, J., *pro tem.*, concurred.